IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RUSSELL DONALD MAYO, #248428, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) Civil Action No. 1:12cv587-TMH ) (WO) |
| GARY HETZEL, *et al.*, | ) ) |
| Respondents. | ) |

**O R D E R**

The respondents have filed an answer (Doc. No. 11) in which they argue that the *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by state inmate Russell Donald Mayo ("Mayo") is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[1]  The respondents contend that because the

---

[1] Subsection (d) was added by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996. The limitation period codified at 28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(continued...)

conviction Mayo challenges became final in May 2009 – after the effective date of the statute of limitations – Mayo must have filed his habeas petition within one year of the conviction's becoming final, exclusive of the time that any properly filed state post-conviction petition related to the conviction was pending in the state courts.  The respondents acknowledge that, after he was convicted, Mayo filed a post-conviction petition pursuant to Rule 32 of the Alabama Rules of Criminal Procedure.  However, the respondents maintain that the federal limitation period expired before Mayo filed the Rule 32 petition and that, consequently, his filing of that petition had no effect on the running of the limitation period.  *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001).

Title 28 U.S.C. § 2244(d)(1)(A) provides that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expired.  Exhibits submitted by the respondents reflect that a jury convicted Mayo on January 16, 2008, of first-degree receipt of stolen property (Resp. Exh.

---

[1](...continued)
   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

 (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A at 63) and that Mayo was sentenced, as a habitual felony offender, to 50 years in prison on June 13, 2008 (*id*. at 81). Mayo appealed, and the Alabama Court of Criminal Appeals affirmed his conviction on April 24, 2009. Resp. Exh. D. Mayo did not file an application for rehearing or a petition for certiorari review with the Alabama Supreme Court. On May 13, 2009, the Court of Criminal Appeals issued its certificate of judgment. Resp. Exh. E. Because Mayo did not seek a rehearing or a certiorari petition in the state supreme court, he is not entitled to the additional 90 days for seeking certiorari review in the United States Supreme Court, and his conviction became final, for federal habeas purposes, on May 13, 2009. *See Pugh v. Smith*, 465 F.3d 1295, 1300 (11th Cir. 2006). The one-year period for filing his federal petition commenced on that date. Mayo filed his petition on July 2, 2012 – more than three years after his conviction became final.

Although Mayo filed a Rule 32 petition in the state trial court on or around July 19, 2011 (see Resp. Exh. F at 25),[2] that filing did not toll the federal limitation period, which had already expired before Mayo filed the Rule 32 petition. *Tinker*, 255 F.3d at 1333. More specifically, the federal limitation period expired on May 13, 2010 (one year after Mayo's conviction became final).

Because it appears that the one-year limitation period contained in 28 U.S.C. § 2244(d)(1) expired well before Mayo filed the instant petition, it is

---

[2] The trial court denied Mayo's Rule 32 petition, and the Alabama Court of Criminal Appeals later affirmed the trial court's judgment. The state court proceedings on Mayo's Rule 32 petition concluded on June 27, 2012, when the Court of Criminal Appeals' issued a certificate of judgment. *See* Resp. Exhs. J-M.

**ORDERED that on or before September 7, 2012,** Mayo shall show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period established by 28 U.S.C. § 2244(d)(1) and for the other reasons asserted by the respondents in their answer.

Done this 17th day of August, 2012.

                                          /s/ Terry F. Moorer
                                        TERRY F. MOORER
                                        UNITED STATES MAGISTRATE JUDGE