IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RUSSELL DONALD MAYO, #248428, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:12cv587-TMH |
| ) | (WO) |
| GARY HETZEL, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

This case is before the court on a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Alabama inmate Russell Donald Mayo ("Mayo") on July 2, 2012.[1]  Doc. No. 1.  Mayo presents claims challenging the constitutionality of his conviction and resulting sentence, entered in 2008 by the Houston County Circuit Court, on charges of receiving stolen property in the first degree.  The respondents argue (Doc. No. 11) that Mayo's petition is time-barred by the one-year limitation period applicable to § 2254

---

[1] Although the petition was stamped as received in this court on July 6, 2014, Mayo represents that he placed the petition in the prison mailing system on July 2, 2012.  *See* Doc. No. 1 at 15.  Applying the "mailbox rule," and no evidence to the contrary, this court deems the petition as filed on the date Mayo says he placed it in the prison mailing system.  *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

petitions. *See* 28 U.S.C. § 2244(d).[2] Upon review of the pleadings and evidentiary materials filed in this case and the applicable law, the court concludes that no evidentiary hearing is required and that Mayo's petition should be denied as untimely.

## II.  DISCUSSION

A.  **Actual Innocence as "Gateway" to Excuse Time Bar**

Mayo asserts, among other things, that he is "actually innocent" of the crime of which he was convicted. Doc. No. 1 at 8; Doc. No. 2 at 4-6; Doc. No. 13 at 2-3. This court will therefore determine whether Mayo has made a showing of actual innocence before addressing the respondents' contention that his petition is time-barred by the statute of limitations. *See Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1218 (11th Cir. 2000).

The interests this court must balance in creating an exception to the statute of limitations based on actual innocence are governed by the standard set forth in *Schlup v. Delo*, 513 U.S. 298, 327-328 (1995). In an effort to "balance the societal interests in finality, comity, and conservation of scarce judicial resources with the individual interest in justice that arises in the extraordinary case," *Schlup*, 513 U.S. at 324, the Court has recognized a miscarriage-of-justice exception to procedural default. "'[I]n appropriate cases,' "the Court has said, "the principles of comity and finality that inform the concepts of cause and

---

[2] Subsection (d) was added by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). This Act became effective on April 24, 1996.

prejudice 'must yield to the imperative of correcting a fundamentally unjust incarceration.'" *Murray v. Carrier*, 477 U.S. 478, 495 (1986) (quoting *Engle v. Isaac*, 456 U.S. 107, 135 (1982)). In *Schlup*, the Court adopted a specific rule to implement this general principle. It held that prisoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." 513 U.S. at 327.

"[T]he *Schlup* standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006). Thus, "[i]n the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of [untimely] claims." *Id*. at 537. "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998); *Doe v. Menefee*, 391 F.3d 147, 162 (2nd Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence."). As the Supreme Court in *Schlup* observes:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.... To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

In asserting his actual innocence, Mayo presents an argument rooted in the alleged

3

legal insufficiency of the evidence sustaining his conviction. More specifically, he maintains only that he did not have knowledge that the property he was convicted of receiving was stolen. Doc. No. 1 at 8; Doc. No. 2 at 5; Doc. No. 13 at 2.  However, as noted, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623-24.  Mayo neither references nor presents any "new reliable evidence," *Schlup*, 513 U.S. at 324, to establish his innocence as a matter of fact.  Therefore, he falls far short of the showing necessary to fit within the exception to time-bar and procedural default under *Schlup*.  His petition for habeas corpus relief is therefore properly analyzed under 28 U.S.C. § 2244(d).

**B.     One-year Limitation Period**

   Title 28 U.S.C. § 2244(d) states:

>    (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Section 2244(d)(1)(A) directs that the limitation period for filing a § 2254 petition begins to run on the date when the time for seeking direct review of a challenged judgment expires. *See* 28 U.S.C, § 2244(d)(1)(A).

Mayo was convicted of first-degree receipt of stolen property on January 16, 2008, following a jury trial in the Houston County Circuit Court. Resp. Ex. A at 63. The trial court imposed sentence on June 13, 2008, sentencing Mayo as a habitual felon to 50 years in prison. *Id*. at 81. On April 24, 2009, on direct appeal, Mayo's conviction was affirmed by the Alabama Court of Criminal Appeals. Resp. Ex. D. Mayo did not file an application for rehearing and did not seek certiorari review in the Alabama Supreme Court. The Alabama Court of Criminal Appeals issued a certificate of judgment in his case on May 13, 2009. Resp. Ex. E.

By operation of law, Mayo's conviction became final on May 13, 2009, upon the Alabama Court of Criminal Appeals' issuance of the certificate of judgment. *See* Ala.R.App.P. 40(c). The one-year limitation period contained in § 2244(d) began to run when Mayo's conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). Thus, absent statutory or equitable tolling, the federal limitation period expired on May 13, 2010.

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Because Mayo's conviction became final in 2009, he was required to file his § 2254 petition within one year after his conviction became final, exclusive of the time that any properly filed state post-conviction petition related to the conviction remained pending in state court.

On or around July 19, 2011, Mayo filed in the trial court an Ala.R.Crim.P. 32 petition challenging his conviction and sentence. Resp. Ex. F at 25. The trial court denied that petition, and the Alabama Court of Criminal Appeals affirmed the trial court's judgment. The Alabama Court of Criminal Appeals issued a certificate of judgment in the case on June 27, 2012. *See* Resp. Exs. J-M.

For purposes of § 2244(d)(2), the state-court proceedings on Mayo's Rule 32 petition had no tolling effect on the running of the federal limitation period, because the federal limitation period expired on May 13, 2010 – well before Mayo initiated state post-conviction proceedings with the filing of his Rule 32 petition. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (where the state court application for post-conviction relief is filed after the one-year statute of limitations has expired, it does not toll the statute because no time remains to be tolled).

The statutory tolling provisions of 28 U.S.C. § 2244(d)(1) (B) - (D) do not provide

6

safe harbor for Mayo. There is no evidence that any unconstitutional or illegal State action impeded Mayo from filing a timely § 2254 petition. *See* 28 U.S.C. § 2244(d)(1)(B). Mayo also does not present a claim that rests on an alleged "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2244(d)(1)(C). Finally, Mayo does not submit any grounds for relief for which the factual predicate could not have been discovered at a far earlier time "through the exercise of due diligence." *See* 28 U.S.C. § 2244(d)(1)(D).

The limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). *See Holland v. Fla.*, 560 U.S. 631, ___, 130 S.Ct. 2549, 2563 (2010). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002). Mayo fails to set forth any facts that demonstrate the presence of "extraordinary circumstances" and the exercise of due diligence to warrant equitable tolling of the limitation period. Consequently, the court concludes that Mayo is not entitled to equitable tolling.[3]

---

[3] Mayo argues that because two of his claims are jurisdictional in nature (his claim that he was unlawfully sentenced as a habitual offender, and his claim that the indictment was void because it does not show the signature of the grand jury foreperson), the federal limitation period does not apply to his § 2254 petition. *See* Doc. No. 13 at 1-2. If this court were an Alabama court, that argument might have some force. *See, e.g., McNeal v. State*, 43 So. 3d 628, 629 (Ala. Crim. App. 2008) (jurisdictional challenge raised in a Rule 32
(continued...)

Under the circumstances set forth above, it is apparent that the one-year limitation period contained in § 2244(d) began to run in Mayo's case on May 13, 2009, and ran unabated for one year before expiring on May 13, 2010. As noted, Mayo filed his § 2254 petition on July 2, 2012. Because Mayo did not file his § 2254 petition until July 2, 2012, his petition is time-barred and this court may not address the merits.

### III.   CONCLUSION

Accordingly, for the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be denied and that this case be dismissed with prejudice pursuant to 28 U.S.C. § 2244(d).

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before March 20, 2014. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District

---

³(...continued)
proceeding not barred by the statute of limitations in Ala.R.Crim.P. 32.2(c)). However, there is no similar exception to the limitations period contained in 28 U.S.C. § 2244(d). Thus, Mayo's jurisdictional contentions do not entitle him to any relief from operation of the federal statutory limitations bar.

Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 5th day of March, 2014.

>  /s/ Terry F. Moorer
> TERRY F. MOORER
> UNITED STATES MAGISTRATE JUDGE