IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

```
RUSSELL DONALD MAYO,          )
                              )
     Petitioner,              )
                              )      CIVIL ACTION NO.
     v.                       )        1:12cv587-TMH
                              )             (WO)
GARY HETZEL, et al.,          )
                              )
     Respondents.             )
```

OPINION

Pursuant to 28 U.S.C. § 2254, petitioner Russell Donald Mayo filed this habeas-corpus case.  This lawsuit is now before the court on the recommendation of the United States Magistrate Judge that the habeas-corpus request be denied as time-barred.  Also before the court are Mayo's objections to the recommendation.  After an independent and de novo review of the record, the court concludes that the objections should be overruled and the magistrate judge's recommendation adopted.

By operation of law, Mayo's conviction became final on May 13, 2009, upon the issuance by the Alabama Court of Criminal Appeals of the certificate of judgment in his

direct appeal.  The one-year limitation period contained in 28 U.S.C. § 2244(d) began to run on that date and ran unabated before expiring on May 13, 2010.  Mayo filed his § 2254 petition over two years too late, on July 2, 2012.

In his objections, Mayo argues that this court was wrong to find that he failed to make a showing of actual innocence necessary to excuse application of the time-bar. In the recommendation, the magistrate judgment found that, in asserting his actual innocence, Mayo presented an argument rooted in the alleged legal insufficiency of the evidence sustaining his conviction.  More specifically, he maintained only that he did not have knowledge that the property he was convicted of receiving was stolen.  Mayo neither referenced nor presented any "new reliable evidence," Schlup v. Delo, 513 U.S. 298, 324 (1995), to establish his innocence as a matter of fact.  Indeed, the only evidence he pointed to was testimony presented at trial, which the jury chose to discount.

2

In his objections, Mayo argues--for the first time--that he is entitled to equitable tolling of the federal limitation period because his appellate counsel did not notify him of the results of his direct appeal. First, this argument is foreclosed because, although he was allowed an opportunity to show cause why the limitations period should not apply to his § 2254 petition, he never asserted this matter until his objections. In his response to the court's show-cause order, he argued (incorrectly) only that his claims were not subject to the federal limitations period because they were "jurisdictional" and that the federal limitations period ran from the completion of proceedings on his state Rule 32 petition (which, as this magistrate judgment noted in the recommendation, had no tolling effect because the Rule 32 petition was filed well after the federal limitations period had expired).

Further, Mayo does not establish that he exercised due diligence to determine the status of his direct appeal.

Although he maintains that his counsel became debilitated after his appeal was filed and was no longer in contact with him and that, therefore, he found out the status of his appeal only by contacting the state appellate court, he provides no dates indicating when he learned that his appeal was final.  Mayo's failure to set forth any specific dates renders it impossible to say that he could not have filed a § 2254 petition within one year of his learning that his state appeal was final.  The Alabama Court of Criminal Appeals issued its certificate of judgment on direct review on May 13, 2009.  Mayo filed a state Rule 32 petition more than two years after that date.  This does not indicate that Mayo exercised diligence in keeping abreast of any proceeding relating to his direct appeal.  And there has not been a showing by him that extraordinary circumstances prevented him from filing his § 2254 petition before July 2012.

    An appropriate judgment will be entered.

    DONE, this the 31st day of March, 2014.

                                               /s/ Myron H. Thompson  
                                        UNITED STATES DISTRICT JUDGE